# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAMONT BANKS, JR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. SAG-21-659 |
| WARDEN, *Eastern Correctional Institution*, THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * ***| |

## MEMORANDUM OPINION

Respondents filed an Answer to Lamont Banks, Jr.'s Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, seeking its dismissal as time-barred. Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the reasons set forth below, the petition will be dismissed as time-barred. A certificate of appealability shall not issue.

**I. Background**

Banks was charged by criminal information in the Circuit Court for Baltimore County with one count of armed carjacking, one count of carjacking, and related offenses in Case No. 03-K-15-000901 (Balt. Cty). ECF No. 3-1 at 3. On September 2, 2015, Banks pleaded guilty to armed carjacking. ECF No. 1 at 1; ECF No. 3-1 at 3, 4. The Court sentenced Banks to 25 years with all but 15 years suspended and 18 months of supervised probation upon release. ECF No. 3-1 at 3, 4.

On April 3, 2018, Banks filed a motion for modification of sentence, which was denied on April 16, 2018. *Id.* at 5.

On April 17, 2018, Banks filed a petition for post conviction relief in the Circuit Court for Baltimore County. *Id.* 5, 7-9. At the March 1, 2019, post conviction hearing, Banks agreed to withdraw his post conviction claims in exchange for the State's agreement to allow him to file a belated motion for modification. *Id*. at 12-22. A consent order memorializing the agreement was submitted by the parties, signed by the court, and filed on March 20, 2019. *Id.* at 12-13, 19.

On May 29, 2019, Banks filed a belated motion for modification, which the Circuit Court denied on June 4, 2019. *Id*. at 6.

On January 8, 2021, Banks filed a motion to reopen post conviction proceedings. A hearing on that motion is scheduled for August 18, 2021. *See* http://casesearch.courts.state.md.us/casesearch (last visited June 24, 2021).

On March 8, 2021, Banks filed this petition for federal habeas relief.[1] ECF 1 at 15; *see Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule). In the petition, Banks asserts that his counsel provided ineffective assistance by failing to (1) investigate "the alleged black mask" by requesting saliva type DNA testing; (2) give him the motion for discovery packet to establish a defense; and (3) investigate the witness description and clothing description. ECF No. 1 at 5.

**II. Discussion**

    **A. Limitations Period**

A one-year limitation period applies to § 2254 habeas petitions which runs from the latest of:

---

[1] The Court deems the petition filed on the date it was placed by Banks in the prison mail.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The latest applicable date here is the day judgment became final on October 2, 2015, when the time expired for filing an application for leave to appeal Banks's plea. *See* Md. Code Ann., Cts. & Jud. Proc. Art § 12–302(e) (providing appeal of guilty plea is by way of application for leave to appeal); Md Rule 8–204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment). The limitations period expired one year later, on Monday, October 3, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a filing deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that at is not a Saturday, Sunday, or legal holiday.").

Banks filed this § 2254 petition more than four years after the limitations period expired. Consequently, the petition is untimely and must be dismissed unless Banks can demonstrate that the limitations period was tolled (*i.e.* paused).

### 1. Statutory Tolling

The limitations period may be tolled either by statute or equitably. The habeas statute at

3

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Banks filed no applications for state post conviction or other collateral review that tolled the running of the limitations period. By the time Banks filed the motion for modification of sentence on April 3, 2018, and petition for postconviction relief filed on April 17, 2018, the limitations period had expired. Because the limitations period had already expired, these applications did not toll the one-year filing period. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for...§ 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."; *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir.2000) (explaining that "[a] state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Thus, there is no statutory basis to toll the limitations period.

### 2. Equitable Tolling

Equitable tolling applies "in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating that a habeas petitioner seeking equitable tolling must establish that some wrongful conduct by respondent prevented him from timely filing the petition or that extraordinary circumstances outside of the petitioner's control caused the delay). Under the doctrine of equitable tolling, a court may consider time-barred claims if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Banks generally attributes the belated filing of his federal habeas petition to delays caused by the COVID-19 pandemic. Eastern Correctional Institution (ECI), where he is incarcerated, "suffered from an impactful outbreak" causing authorities to close the prison law library. ECF No. 5. The library reopened just recently. *Id.* Assuming *arguendo* that the COVID-19 pandemic constitutes an extraordinary circumstance, that circumstance arose four years after the limitations period expired. Further, Banks neither explains how he exercised diligence prior to the pandemic in 2020, nor why the closing of the library four years after the limitations period expired affected his ability to comply with the filing deadline. Under these circumstances, Bank has failed to show that equitable tolling is appropriate.

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Banks must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, as here, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Banks's claims are dismissed on procedural grounds, and, upon review of the record, this court finds that he has not made the requisite showing. The court therefore declines to issue a certificate of appealability. Banks may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the petition will be dismissed as time-barred. The court declines to issue a certificate of appealability. A separate order shall issue.

<u>June 25, 2021</u>             <u>            /s/             </u>
Date                 Stephanie A. Gallagher
                  United States District Judge